UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS MARTIN BISMARK,

        Plaintiff,

vs.                                Case No. 2:02-cv-556-FtM-29SPC

DR. R.D. LANG, et al,

        Defendant.
_____

**ORDER**

    This matter comes before the Court upon Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order(Doc. #103) filed September 26, 2005. Plaintiff, an inmate confined within the Florida penal system, has pending a civil rights action in which he alleges Eighth Amendment violations for Defendants' failure to provide him with orthopedic shoes. Plaintiff, who currently is incarcerated at Okeechobee Correctional Facility, seeks an order from this Court to compel the Department of Corrections to return him to South Bay Correctional Facility, where Plaintiff was previously confined, or have the U.S. Marshal take Plaintiff into protective custody.

    Plaintiff contends that his recent transfer to Okeechobee was in retaliation for his prosecution of the above-caption action. Plaintiff claims defense counsel was involved in the alleged retaliation. In particular, Plaintiff points to the fact that his transfer came immediately after Plaintiff prevailed in discovery motions pending in this action. Upon arrival at Okeechobee,

Plaintiff states that correctional officers confiscated all of Plaintiff's case documents.  Additionally, Plaintiff claims that since his transfer to Okeechobee he has been assigned to a work detail that requires him to wear state issued boots or face disciplinary action.  Plaintiff also claims that an Officer Vandercook at Okeechobee has made "death threats" against Plaintiff unless Plaintiff drops his lawsuit requiring Plaintiff to seek protective management.

Prior to filing his Motion, Plaintiff sent a letter to counsel for Defendants and requested to be returned to South Bay Correctional. Additionally, Plaintiff served a copy of the Motion *sub judice* on Defendants.  The Court ordered Defendants to respond to Plaintiff's Motion (Doc. #104).

Defendants filed a Response to Plaintiff's Motion (Doc. #105) in which defense counsel denies any involvement in Plaintiff's transfer and further denies that Plaintiff's transfer was for retaliatory motives.  Defendants attach to their Response Exhibits B-D in support of their Response.  Defendants argue that the exhibits clearly demonstrate that: (1) Plaintiff has articulated other reasons for his transfer (Defendant's Response, Exhibit C); (2)  at not time did Plaintiff seek protective custody from Officer Vandercook but rather claimed he was in fear from "all employees of the Department of Corrections" and, in fact at the time was in disciplinary confinement for refusing to work in food service for he was medically screened (Exhibit D-E); and (3) acknowledged

-2-

receipt of all his legal materials, inventoried his legal materials, and requested storage for his active legal materials that exceeded capacity of storage available in his inmate locker (Exhibit F).

As noted by the Eleventh Circuit, the issuance of a "preliminary injunction is an extraordinary and drastic remedy that should be not be granted unless the movant clearly carries the burden of persuasion on each of [four] prerequisites." <u>Suntrust Bank v. Houghton Mifflin Co.</u>, 252 F.3d 1165, 1166 (11th Cir. 2001), <u>rehearing and rehearing en banc denied</u>, 275 F.3d 58; <u>see</u> also <u>Four Seasons Hotels & Resorts, B.V. v. Consoricio Barr, S.A.</u>, 320 F.3d 1205, 1210 (11th Cir. 2003); <u>Wall v. Ferrero</u>, 142 Fed.Appx. 405 (11th Cir. 2005). The four factors Plaintiff must establish are: (I) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury if the injunction is not granted; (iii) the injury outweighs the opposing parties' potential injury if relief is not granted; and (iv) the injunction would not do disservice to the public interest. <u>Four Seasons Hotels & Resorts</u> 320 F.3d at 1210; <u>Suntrust Bank</u> 252 F.3d at 1166; <u>American Red Cross v. Palm Beach Blood Bank, Inc.</u>, 143 F.3d 1407, 1410 (11th Cir. 1998); <u>See also</u> Local Rule 4.05(b)(4).

After a careful review of the materials submitted by the parties, the Court finds that Plaintiff has failed to meet his

burden[1]. Plaintiff has not shown facts sufficient to support his claim of retaliation. Crawford v.-El v. Britton, 523 U.S. 574, 600 (1998). Consequently, the Court does not find that Plaintiff has demonstrated a substantial likelihood of prevailing on the merits, at this stage, or a threat of an immediate and irreparable injury or loss. Furthermore, the Court finds that Plaintiff has either completely failed to address or only superficially addressed each of the four factors to warrant the issuance of a preliminary injunction. Wall v. Ferrero, 142 Fed. Appx. 405 (11th Cir. 2005).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order(Doc. #103) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___7th___ day of October, 2005.

JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record

---

[1] The Court finds particularly persuasive the fact that Plaintiff filed a grievance regarding his transfer and alleged the transfer was "an act of reprisal by the librarian." Defendant's Response, Exhibit C.