UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS MARTIN BISMARK,

        Plaintiff,

vs.                             Case No.   2:02-cv-556-FtM-29SPC

DR. R.D. LANG, et al,

        Defendant.
_____

**ORDER**

This matter comes before the Court on (1) Defendant McDonough's Motion in Limine (Doc. #142), (2) Defendants Dr. R.D. Lang, Dr. Dameff, Dr. Salopek, Mr. Rehfeldt, Wexfort Health Sources, Inc.'s Motion in Limine and Joinder of Defendant McDonough's Motion in Limine (Doc. #150), and Plaintiff's Motion to Suppress (Doc. #156). All motions are essentially in limine motions. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984)(in a broad sense, a motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."). In light of the nature of pre-trial *in limine* motions, the rulings below shall govern the trial, but any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited. The motions are resolved as follows:

**(1) Defendant McDonough's Motion in Limine (Doc. #142):** While the causes of action relate to plaintiff's stay at the DeSoto Correctional Facility, his treatment by the Florida Department of Corrections, either acting itself or through agents, related to his feet and living accommodations, seems relevant within the meaning of Fed. R. Evid. 401.  While there may well have been policy changes, the guarantees of the Eighth Amendment did not change, and defendants may explain policy changes to the extent relevant.  The Court therefore declines to exclude evidence of medical care received by plaintiff prior to March, 2002.  Additionally, the Court finds that evidence which was within the scope of the Southern District of Florida case is not barred by collateral estoppel.  Plaintiff cannot recover for such conduct, but the evidence appears relevant to issues involved in this case.  The Court is confident the jury will not be confused, and that appropriate jury instructions can properly direct the jury's consideration of the issues before it.  The Court cannot determine from the motion whether plaintiff's anticipated testimony about his medical condition will be admissible or not, and therefore declines to rule it inadmissible in a motion in limine. Defendant's request that plaintiff be instructed that he is limited to testifying from personal knowledge, statements made by defendants, or other non-hearsay matters (and hearsay matters to which exceptions apply) is probably good advice for all parties, but provides nothing concrete enough to be determined in an in limine motion.

**(2) Defendants Dr. R.D. Lang, Dr. Dameff, Dr. Salopek, Mr. Rehfeldt, Wexfort Health Sources, Inc.'s Motion in Limine and Joinder of Defendant McDonough's Motion in Limine (Doc. #150):** Plaintiff alleges that injuries to his right knee, TJM, heart attack, stroke, and/or plantar fascitis are the direct result of defendant's conduct in denying him the orthopedic shoes. The Court cannot determine on an in limine basis that this is incorrect, but must hear the evidence. Therefore this aspect of the motion will be denied.

The Court finds that evidence that Wexford Health Sources, Inc. based its decision to deny special shoes on a cost analysis would be relevant, and the prejudice would clearly not outweigh the probative value. This aspect of the motion will be denied.

Evidence of settlement negotiations are inadmissible to the extent provided in Fed. R. Evid. 408. This aspect of the motion is granted to that extent.

The Court cannot say in a motion in limine that plaintiff cannot demonstrate or display his injuries or verbalize his pain level in some way. It would seem that both would be relevant, and issues of exaggeration can be addressed by cross examination, as is usual. This aspect of the motion will be denied.

Evidence of insurance or insurance coverage is inadmissible to the extent provided in Fed. R. Evid. 411. This aspect of the motion is granted to that extent.

Medical treatment of other inmates may or may not be relevant, and the Court cannot determine as a blanket matter that no such evidence would be admitted. This aspect of the motion is denied.

The request to preclude plaintiff's testimony as to matters within the boundaries of expert testimony is not specific enough for the Court to grant on an in limine basis. This aspect of the motion will be denied.

It is not clear that in the prison context evidence that defendants paid the medical or hospital or similar expenses for the relevant injury is not admissible under Fed. R. Evid. 409. This aspect of the motion is denied at this time.

**(3) Plaintiff's Motion to Suppress (Doc. #156):** Plaintiff seeks to exclude evidence of his prior criminal history. If plaintiff testifies, as it appears he must in order to establish is case, his prior criminal record would be admissible to the extent allowed by Fed. R. Evid. 609. As to references to his criminal record in the psychological records, these would be admissible if defendant Rehfeldt testifies that he relied upon the information is some fashion in reaching his decision regarding placement. Since the Court cannot determine at this time the relevance the this aspect of the documents, the Court declines to suppress the evidence.

Accordingly, it is now

**ORDERED:**

Case 2:02-cv-00556-JES-SPC   Document 197   Filed 03/17/06   Page 5 of 5 PageID 1298

1.  Defendant McDonough's Motion in Limine (Doc. #142) is **DENIED**.

2.  Defendants Dr. R.D. Lang, Dr. Dameff, Dr. Salopek, Mr. Rehfeldt, Wexfort Health Sources, Inc.'s Motion in Limine and Joinder of Defendant McDonough's Motion in Limine is **GRANTED IN PART AND DENIED IN PART** as set forth above.

3.  Plaintiff's Motion to Suppress (Doc. #156) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of March, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Staff Attorney/hk

-5-